**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT BRIAN BOECKMAN, d/b/a )<br>MIDCONTINENT INVESTMANTS [SIC] )<br>CORP., )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiff,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>KENT A. RODRIGUEZ; DOUGLAS BARTON; )<br>THAD KAPLAN; AVALON OIL & GAS, INC., )<br>a Nevada corporation; and CORPORATE )<br>STOCK TRANSFER,　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　　Defendants.　　　　　　　　)　 | Case No. 10-CV-214-GKF-PJC |

**OPINION AND ORDER**

Before the court are the Motions to Strike Defendants' Motion to Dismiss and to Amend Petition [Dkt. #14] of plaintiff Robert Brian Boeckman ("Boeckman").

In his Complaint[1] filed April 6, 2010, Boeckman alleges that defendants conspired to defraud him by issuing shares in Avalon Oil & Gas, Inc. in exchange for titles to oil and gas leaseholds, then cancelling the shares of stock. Defendants Rodriguez and Avalon Oil & Gas has moved to dismiss. Boeckman, in turn, has moved to strike the Motion to Dismiss and to amend his Complaint to reflect an assignment of rights in this case. For the reasons set forth below, the motion to strike and the motion to amend are denied.

Boeckman moves to strike the pending Motion to Dismiss because movants "errored [sic] and filed falsely its motion to dismiss only confusing the Court that Sooner Trend Leasing is not a party or Plaintiff in this cause of action." The motion to strike is without merit, as it does not

---

[1] Plaintiff Boeckman is *pro se*, and styled his Complaint as a Petition.

address the substance of the Motion to Dismiss. Movants erroneously listed Sooner Trend Leasing[2] as Boeckman's "d/b/a" in the caption of its Motion to Dismiss instead of Midcontinent Investments Corp. In both this case and the Western District case, however, Boeckman sues in his individual capacity, *doing business as* Midcontinent Investements Corp. and Sooner Trend Leasing, LLC, respectively. The motion to strike is denied, and a response to the Motion to Dismiss shall be filed within twenty (20) days of the filing of this Order, as more specifically set forth below.

Boeckman also moves to amend his Complaint. In his motion, he contends an assignment of rights and claims has been made from Midcontinent Investments, Corp. to Robert Brian Boeckman. Boeckman attaches the supposed assignment, which purports to sell, transfer, and assign "all rights to the case no. 10-CV-214" from Robert Brian Boeckman as the Assignor to Robert Boeckman, the Assignee. The Court notes that the assignment is dated March 2, 2010, before this action was commenced on April 6, 2010. Midcontinent Investments is not listed as the purported assignee. The Motion to Amend is denied.

Rodriquez and Avalon Oil & Gas contend that Boeckman cannot appear *pro se* on behalf of a corporation. Although defendants accurately state the legal rule, Boeckman's claims here are brought on his own behalf, *doing business as* "Midcontinent Investmants [sic] Corp." The pleadings do not reveal on their face that "Midcontinent Investmants [sic] Corp." is a real corporation in good standing as opposed to a "d/b/a" as alleged. Accordingly, the plaintiff shall file a response to the Motion to Dismiss within twenty (20) days of the filing of this Order. In the event the claims being

---

[2]Boeckman identifies Sooner Trend Leasing as a "d/b/a" in a separate case filed in the United States District Court for the Western District of Oklahoma, *Robert Brian Boeckman, d/b/a Sooner Trend Leasing, LLC v. Kent A. Rodriquez, Douglas Barton, Thad Kaplan, Avalon Oil & Gas, Inc., a Nevada corporation, and Corporate Stock Transfer*, Case No. CIV-10-267-M.

made in this case are made on behalf of a corporation, Boeckman shall retain counsel and cause said counsel to file the response on behalf of the corporation. If, however, the claims being made in this case are being made on behalf of Boeckman personally, Boeckman shall so state in his response brief, and may file the response *pro se*. If no response is filed, the Motion to Dismiss may be granted.

WHEREFORE, plaintiff Boeckman's Motion to Strike defendants' Motion to Dismiss [Dkt. # 14] is denied, and plaintiff's Motion to Amend Petition [Dkt. # 14] is denied.

IT IS SO ORDERED this 26th day of May 2010.

*[signature]*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma