**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| ROBERT BRIAN BOECKMAN, d/b/a MIDCONTINENT INVESTMENTS CORP., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KENT A. RODRIGUEZ, DOUGLAS BARTON, THAD KAPLAN, AVALON OIL & GAS, INC., a Nevada corporation, and CORPORATE STOCK TRANSFER, )<br>)<br>Defendants. ) | Case No. 10-CV-214-GKF-PJC |

**OPINION AND ORDER**

This matter comes before the court on the Motion to Dismiss [Doc. No. 7] filed by defendants Kent A. Rodriguez ("Rodriguez") and Avalon Oil & Gas, Inc. ("Avalon"), pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff, Robert Brian Boeckman, d/b/a Midcontinent Investments Corp. ("Boeckman") failed to respond to the motion despite the court's order, entered pursuant to LCvR7.2(f), giving him until July 14, 2010, to respond. Thus, pursuant to LCvR7.2(f), the motion is deemed confessed. For the reasons set forth below, defendants' motion is granted.

**I. ANALYSIS**

Defendants ask the Court to dismiss plaintiff's complaint because *Younger* abstention is appropriate or, in the alternative, because plaintiff has failed to satisfy the pleading standards of either Fed. R. Civ. P. 8 or Fed. R. Civ. P. 9.

**A. *Younger* Abstention**

The *Younger* doctrine requires that a federal court refrain from hearing an action over which it has jurisdiction when the federal proceedings would interfere with an ongoing state judicial proceeding that implicates important state interests and affords an adequate opportunity

to raise the federal claims. *Joseph A. v. Ingram,* 275 F.3d 1253, 1267 (10th Cir. 2002). *Younger* abstention "is the exception, not the rule." *Id.* (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992)). In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted). Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain. *See Seneca-Cayuga Tribe v. Okla.*, 874 F.2d 706, 711 (10th Cir. 1989).

Plaintiff, acting *pro se,* filed a state court action in Canadian County for "Breach of Contract," "General Fraud," "Common Law Fraud," and "Securities Fraud" on February 2, 2010. That action is currently pending. [Doc. No. 7-2 at 1-4]. Plaintiff, again acting *pro se*, filed the instant action in this Court on March 16, 2010, alleging various "acts of misrepresentations, false promises and deceits . . . unfair trade practices, . . . [and] constructive fraud." [Doc. No. 1]. In the state action, plaintiff alleges he assigned a working interest in certain oil and gas leaseholds in Canadian County to defendants in exchange for an issuance of shares in Avalon Oil & Gas, Inc., and that defendants subsequently canceled the common shares of stock and purportedly returned the leasehold interest to plaintiff, but failed to document the return of title with the Canadian County Clerk's office. [Doc. No. 7-2, Petition for Breach of Contract and Security Fraud, ¶¶1-10]. The complaint in this action, although more vague, appears to be based on the

same facts giving rise to the state court case.  Plaintiff contends defendants promised to pay for the cost of restoring production on certain leases and give plaintiff half of the revenues from production,  issued shares of Avalon Oil & Gas, Inc., and subsequently cancelled the shares, thereby defrauding plaintiff of stock and gaining leaseholds "to promote stock to Public in all intents to commit frauds and carry out fraudulent activities to general public." [Doc. No. 1, ¶¶7-11].

In the state action, plaintiff asserts claims for breach of contract, general fraud and securities fraud in violation of 71 O.S. §1-501(2) and (3), and common law fraud as codified in 15 O.S. §§58-59.  [Doc. No. 7-2].  The complaint in this case asserts claims for fraud, "unfair trade practices as defined in the Federal Civil Rules and Federal Criminal Rules," and constructive fraud  "as defined by the provisions of FRAUD is statues [*sic*] of Federal Civil and Criminal Rules." [Doc. No. 1, ¶¶12-21].

The state court proceeding pending in Canadian County is an "ongoing" proceeding for *Younger* purposes.  *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (holding that a state action is ongoing if the federal litigation is in "an embryonic stage and no contested matter has been decided").  Additionally, there is little doubt that claims for breach of contract and fraud implicate "important state interests" and are "matters which traditionally look to state law for their resolution." *See* 71 Okla.St.Ann. § 1-501; 15 Okl.St.Ann. § 58-59; *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991 (10th Cir. 2008) (applying Oklahoma substantive law to breach of contract and fraud claims).  Further, the Court finds that plaintiff has an adequate opportunity to raise his claims in state court because plaintiff's complaint neither invokes any federal statutory or constitutional claim nor does it seek any exclusive federal remedy.  Typically, a plaintiff has

an adequate opportunity to raise federal claims in state court "unless state law clearly bars the interposition of the [federal statutory] and constitutional claims." *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999) (quoting *Moore v. Sims*, 442 U.S. 415, 425-26 (1979)).

Finding the three conditions of *Younger* abstention satisfied in the instant action, plaintiff's complaint must be dismissed.

### B. Failure to State a Claim

Even were *Younger* abstention not applicable in the instant action, defendants argue that plaintiff has failed to state a claim upon which relief may be granted. To satisfy the pleading requirements of Fed.R.Civ.P. 8 and survive a 12(b)(6) dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Macarthur v. San Juan Cmty.*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The question to be decided is "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Allegations of fraud, moreover, are governed by a heightened pleading standard of Fed.R.Civ.P. 9. Plaintiff must set forth the "'who, what, when, where and how' of the alleged fraud, and must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *United States, ex. rel., Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006).

Even construing plaintiff's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), the Court concludes that dismissal for failure to state a claim is warranted. Plaintiff's complaint alleges that "defendants conspired by and through each other knowingly and willfully to commit frauds and fraudulent activities to defraud the plaintiff of money and oil lease for personal gains." [Doc. No. 1 at 2]. The complaint further alleges that "defendants knowingly defrauded the plaintiff of assets, equipment and oil revenues . . .[b]y issuing shares of Avalon Oil & Gas, Inc., by and through Corporate Stock Transfers in exchange for titles to Leaseholds, then canceling the stocks issues without notifying [the] party who received [them]." [*Id.*]. In "carry[ing] out [these] frauds," plaintiff alleges that defendants made "misrepresentations, false promises and deceits," which constituted "unfair trade practices" and "constructive fraud." [*Id.*]. Plaintiff, however, has not stated what these misrepresentations, promises and deceits were, when or where they were allegedly made, or to which "Leaseholds" they purportedly apply. Further, the complaint does not identify a particular "trade practice" that plaintiff contends is "unfair," nor does it establish what duty, if any, defendants owed to plaintiff and, if such duty existed, how it was breached and to what degree defendants were advantaged and plaintiff was harmed.

As such, the complaint [Doc. No. 1] is deficient and must be dismissed without prejudice because it fails "to afford [the] defendant[s] fair notice of plaintiff's claims and the factual ground upon which [they] are based . . ." *Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 987 (10th Cir. 1992) (*quoting Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir. 1990)).

## II. CONCLUSION

The Court finds dismissal of the complaint [Doc. No. 1] warranted because *Younger*

5

abstention applies and because the plaintiff has failed to meet either the general pleading standards of Fed. R. Civ. Pro. 8 or the particularity requirement of Fed. R. Civ. Pro. 9 as it pertains to allegations of fraud.

WHEREFORE, defendant's Motion to Dismiss [Doc. No. 7] is hereby GRANTED.

IT IS SO ORDERED this 19th day of July, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma